UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

CARL TAYLOR, JR.,

    Plaintiff,

v.                                    Case No.  5:24-cv-274-MW-MJF

TERRY L. RHODES,

    Defendant.
                                      /

## REPORT AND RECOMMENDATION

In 2024, Plaintiff filed this action under 42 U.S.C. § 1983. Doc. 1. Despite the undersigned instructing Plaintiff to effect service of process timely and in compliance with Rule 4(e) of the Federal Rules of Civil Procedure, Plaintiff has failed to effect service of process. The District Court, therefore, should dismiss this civil action without prejudice.

### BACKGROUND

On December 24, 2024, Plaintiff initiated this civil action pursuant to 42 U.S.C. § 1983. Doc. 1. Plaintiff is suing Defendant Terry L. Rhodes, the former executive director of the Florida Department of Highway Safety and Motor Vehicles. Plaintiff is suing Defendant in her individual

capacity. *Id.* at 3. Plaintiff alleges that Defendant, on December 1, 2024, denied Plaintiff due process when she said that Plaintiff "had a susended License, Tags and registiations . . . ." *Id.* at 4 (errors in original).

## A. The Undersigned's Order to Effect Service of Process

On January 9, 2025, the undersigned ordered Plaintiff to effect service of process on Defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure. Doc. 6 at 1–2. Consistent with Rule 4(m), the undersigned ordered Defendant to effect service of process within 90 days. *Id.* The undersigned specifically warned Plaintiff that his failure to effect service of process timely and in accordance with Rule 4 likely would result in dismissal. *Id.* at 2.

## B. The First Order to Show Cause

On April 23, 2025, the undersigned ordered Plaintiff to show cause why this case should not be dismissed for his failure to effect service of process timely and his failure to comply with a court order. Doc. 8.

On May 1, 2025, Plaintiff moved for additional time to serve Defendant. Doc. 11. The undersigned granted the motion and ordered Plaintiff to effect service by June 23, 2025. Id. at 5. The undersigned also

informed Plaintiff that failure to effect service by June 23 likely would result in dismissal.

C. **Plaintiff's Failure to Comply with Rule 4(e) and Rule 4(l)**

On June 11, 2025, Plaintiff filed the "proof of service" page of the summons. Doc. 17. On that page, Plaintiff indicated that he personally effected service of Defendant by: (1) leaving a copy of the summons at the "Neil Kirkman Building;" and (2) mailing a copy of the summons and complaint from the Bay County Jail to Defendant. Doc. 17 at 2.

As to Plaintiff's claim that he left a copy of the summons at the "Neil Kirkman Building," Plaintiff did not specify:

- the date he left the summons at the building;
- the time he left the summons at the building; and
- to whom he handed the summons, if anybody.

Plaintiff also did not state how leaving a copy of the summons at the "Neil Kirkman Building" would constitute service of Defendant consistent with the requirements of Rule 4(e).

Furthermore, insofar as Plaintiff was an inmate of the Bay County Jail in May and June 2025, it is incredible that Plaintiff escaped from a

jail in Bay County, obtained a means of transportation to Tallahassee, travelled to Tallahassee (where the Neil Kirkman Building is located), left a copy of the summons there, then traveled back to Bay County, and checked himself back into the Bay County Jail undetected.

As to Plaintiff's claim that he mailed a copy of the summons and complaint from the Bay County Jail, Plaintiff did not specify to what address he mailed the summons and complaint. Regardless, Plaintiff also has not demonstrated how mailing the summons and complaint—to whatever address—would constitute service according to the requirements of Rule 4(e).

**D.   The Second Order to Show Cause**

Because it was readily apparent that Plaintiff had not effected service of process consistent with Rule 4(e), on July 22, 2025, the undersigned again ordered Plaintiff to show cause why this case should not be dismissed for failure to comply with a court order and failure to effect service of process timely. Doc. 18.

On August 5, 2025, Plaintiff filed a response to the show-cause order. Doc. 20. Plaintiff stated: "I filed and served a summons and complaint were (sic) the executive Director works . . . ." *Id.*

## DISCUSSION

"Service is a jurisdictional requirement," and "a court lacks jurisdiction over the person of a defendant when that defendant has not been served." *Hemispherx Biopharma, Inc. v. Johannesburg Consol. Investments*, 553 F.3d 1351, 1360 (11th Cir. 2008) (citing *Pardazi v. Cullman Med. Ctr.*, 869 F.2d 1313, 1317 (11th Cir. 1990)). "The plaintiff to an action is responsible for having the summons and complaint served on the defendant" in accordance with Rule 4 of the Federal Rules of Civil Procedure. *Fitzpatrick v. Bank of New York Mellon*, 580 F. App'x 690, 693 (11th Cir. 2014); *Lepone-Dempsey v. Carroll Cnty. Com'rs*, 476 F.3d 1277, 1280-81 (11th Cir. 2007).

Unless service is waived, the person effecting service must file proof of service with the district court. Fed. R. Civ. P. 4(l)(1). The serving party "bears the burden of proof with regard to validity of service." *Anderson v.*

*Dunbar*, 678 F. Supp. 2d 1280, 1297 (N.D. Ga. 2009) (citing *Sys. Sings Supplies v. U.S. Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990)).

As to the timeliness of service, Rule 4(m) of the Federal Rules of Civil Procedure provides in relevant part:

> **(m) Time Limit for Service.** If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). Even absent a showing of good cause, a district court "must still consider whether any other circumstances warrant an extension of time based on the facts of the case." *Bilal v. Geo Care, LLC*, 981 F.3d 903, 919 (11th Cir. 2020) (internal quotation marks omitted).

Here, Plaintiff claims that he mailed a copy of the summons and complaint—but he doesn't specify to whom he mailed them and to what address. Likewise, Plaintiff incredibly claims that—despite being incarcerated—he left a copy of the summons at the "Neil Kirkman Building" on some unspecified date, at some unspecified time, perhaps with some person—whom Plaintiff never identifies.

Assuming that Plaintiff's allegations regarding his attempt at service of process are truthful, Plaintiff still has not established—as required by Rule 4(l)(1)—that he effected service of process according to the requirements of Rule 4(e).

This case is *more than one year old*. Plaintiff still has not effected service of process consistent with Rule 4(e), even though Plaintiff must serve *only one Defendant*. A plaintiff's *pro se* status does not entitle him to ignore the requirement of Rule 4, including the requirement that he effect service timely. *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988); *Lowe v. Hart*, 157 F.R.D. 550, 553 (M.D. Fla. 1994).

Because Plaintiff has not served Defendant within the time required under Rule 4(m)—even though the undersigned extended the deadline for Plaintiff effect service—and because Plaintiff has not established "good cause" under Rule 4(m) for extending the time for service yet again (nor do any other facts or circumstances warrant an extension of time), the District Court should dismiss this civil action without prejudice.

## CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the District Court:

1. **DISMISS** this civil action without prejudice; and

2. close the case file.

At Panama City, Florida, this 9th day of February 2026.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## NOTICE TO THE PARTIES

**The District Court referred this case to a magistrate judge to make recommendations regarding dispositive matters.** *See* **28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the report and recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only. A party must serve a copy of any objections on all other parties. A party who fails to object to this report and recommendation waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**